COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

BENITO RENTERIA,                                           )

                                                                              )              
No.  08-05-00223-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                
(TC# 950D05229)

                                                                              )

 

 

O
P I N I O N

 

Appellant Benito
Renteria is attempting to appeal from his conviction for driving while
intoxicated, third or more.  See Tex.Pen.Code Ann. ' 49.04(b)(Vernon 2003), ' 49.09 (Vernon Supp. 2005).  Appellant filed a pretrial motion to set
aside the indictment based on alleged violations of his constitutional right to
a speedy trial.  The trial court denied
Appellant=s motion
to dismiss the indictment and he pleaded guilty to the offense pursuant to a
plea-bargain agreement.  The trial court
imposed a sentence of three years in the Institutional Division of the Texas
Department of Criminal Justice in accordance with the recommendation made by
the State.








As part of the
plea-bargain, Appellant acknowledged that AI,
the undersigned defendant, have also been informed of my right to pursue a
motion for new trial and/or appeal, and that I may waive this right, and after
having consulted with my attorney, I do hereby voluntarily, knowingly, and
intelligently waive my right to appeal.@  Counsel for Appellant also signed the plea
agreement certifying that Appellant had waived his rights and was fully aware
of the terms of the plea agreement as well as the consequences of entering into
the plea agreement.  Appellant
subsequently filed a notice of appeal and the trial court certified his right
to appeal.

Pending before the
Court is the State=s motion
to dismiss the appeal, which was filed on June 2, 2006.[1]  The clerk=s
record establishes the punishment assessed by the court does not exceed the
punishment recommended by the prosecutor and agreed to by the defendant.  Generally, A[i]n
a plea bargain case . . . a defendant may appeal only:  (A) those matters that were raised by written
motion filed and ruled on before trial, or (B) after getting the trial court=s permission to appeal.@ 
Tex.R.App.P. 25.2(a)(2).  However, as part of his plea-bargain,
Appellant signed a waiver of this limited right of appeal.








A defendant in a
noncapital case may waive any right secured to him by law, including the right
to appeal.  Tex.Code Crim.Proc.Ann. art. 1.14(a)(Vernon 2005); Monreal
v. State, 99 S.W.3d 615, 622 (Tex.Crim.App. 2003).  A valid waiver which is voluntarily,
knowingly, and intelligently made will prevent a defendant from appealing a
conviction absent permission from the trial court.  Monreal, 99 S.W.3d at 617.  Consequently, Appellant may not appeal
without the permission of the trial court.  See id. at 622.  The clerk=s
record does not indicate the trial court gave Appellant permission to
appeal.  On the contrary, the record
indicates that although the trial court certified Appellant=s right to appeal, it did not
give Appellant permission to do so. 
Thus, we have no jurisdiction to consider Appellant=s appeal.  Therefore, we dismiss the appeal for want of
jurisdiction.  See Tex.R.App.P. 42.3(a).

 

 

 

July
13, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
We note Appellant neither responded to the State=s
motion to dismiss nor did he challenge the waiver as being involuntary or a
result of coercion in his brief.